CROSS & SIMON, LLC
Kevin S. Mann, Esq. (N.J. Bar No. 0079002007)
Michael J. Joyce, Esq. (*admitted pro hac vice*)
1105 N. Market Street, Suite 901
Wilmington, DE  19801
(302) 777-4200
(302) 777-4224 (facsimile)
kmann@crosslaw.com
mjoyce@crosslaw.com
*Counsel to Mitsui O.S.K. Lines, Ltd.*
*and MOL (America) Inc.*

| | |
|---|---|
| In re:<br><br>KHAWAR BAQI,<br><br>          Debtor. | Chapter 7<br><br>Case No. 16-15033-JKS |
| MITSUI O.S.K. LINES, LTD. and MOL (AMERICA) INC.,<br><br>          Plaintiff,<br><br>v.<br><br>KHAWAR BAQI,<br><br>          Defendant. | Adversary No. 16- |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
AND OBJECTION TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS
<u>523 AND 727 OF THE BANKRUPTCY CODE</u>**

Plaintiff Mitsui O.S.K. Lines, Ltd., acting by and through its U.S. general agent, MOL (America) Inc. ("<u>MOL</u>" or "<u>Plaintiff</u>"), by and through undersigned counsel, files this complaint (the "<u>Complaint</u>") objecting to the Debtor's discharge and seeking a determination as to the dischargeability of the debt owed by the above-captioned debtor (the "<u>Debtor</u>") to Plaintiff.  In support of this Complaint, Plaintiff, hereby alleges that:

## JURISDICTION AND VENUE

1. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under Bankruptcy Code § 727(a)(4)(A) and is seeking a determination as to the dischargeability of the debt owed by the Debtor to Plaintiff under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), 523(a)(6).

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 727.

3. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

4. Plaintiff is a corporation organized under the laws of the State of Delaware, and maintains its principal office at 700 E. Butterfield Road, Suite 150, Lombard IL.

5. Plaintiff is a judgment creditor of the Debtor.

6. Defendant is the Debtor in the above-captioned case and resides at 118 Fairfield Drive, Paramus NJ.

7. The Debtor is the owner/manager and sole member of Wamcom, LLC, a New Jersey, LLC.

## BACKGROUND

8. On March 18, 2016, (the "Petition Date") the Debtor filed a voluntary petition (the "Petition") for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

9. On April 18, 2016, the Debtor's meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code.

10. As of the date of this Complaint the Debtor has not been granted a discharge.

11. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt was extended by Order of this Court to and including August 16, 2016.

12. Prior to the Petition Date, the Debtor, as the sole member/manager of Wamcom, LLC contracted with MOL for the shipment of nineteen (19) ocean containers of rubber scrap/waste from Jacksonville, FL to Karachi, Pakistan.

13. Upon delivery of such containers, the Debtor represented to MOL that a consignee of his, purportedly identified in the bill(s) of lading as Attock Cement Pakistan, LTD, (the "Purported Consignee") would retrieve the containers. MOL completed such carriage but did not receive payment from the Debtor for the same.

14. The containers were not retrieved in Karachi by the Purported Consignee as represented by the Debtor. Indeed, MOL received written notice from the Purported Consignee disclaiming any interest in the Debtor's shipment. MOL incurred significant demurrage, detention, storage and other charges on account of the shipment.

15. Additionally, MOL incurred significant costs in disposing of the rubber scrap/waste.

16. The Debtor contracted with Plaintiff, as described above, under false pretenses. Specifically, the Debtor fraudulently induced Plaintiff to transport the containers in furtherance of a scheme to transport waste outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

17. On August 5, 2013, Wamcom, LLC filed a Certificate of Cancellation with the New Jersey Department of the Treasury Division of Revenue and Enterprise Services. Wamcom, LLC's effective date of cancellation was August 5, 2013. Upon information and belief, Wamcom, LLC was insolvent at all times relevant hereto.

18. On August 26, 2013, MOL commenced a lawsuit against the Debtor and Wamcom, LLC in the Superior Court of New Jersey, Law Division, Somerset County, Civil Action No. L-6557-13 (the "State Court Action").

19. On May 1st, 2014 a judgment by consent was entered against Wamcom in the State Court Action in the amount of $183,496.68 (the "Judgment"). To date, the Judgement has not been satisfied.

20. The Debtor failed to identify his interest in Wamcom, LLC in Schedule B attached to his Petition.

21 Schedule F of the Debtor's chapter 7 petition reflects he is seeking to discharge MOL's claim in the amount of $183,496.68.

### COUNT I -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21 of this Complaint as if set forth at length herein.

23. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

4

> (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

24. All of the debt owed to Plaintiff, as evidenced by the Judgment, is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

25. Specifically, the Debtor induced Plaintiff to transport 19 containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

26. The false representations of material facts set forth above constitute actual fraud by the Debtor who, with knowledge that he was engaged in a fraudulent scheme, and with knowledge of the falsity of the representations, contracted with Plaintiff.

27. Plaintiff reasonably relied on the false representations made by the Debtor described above, who incurred debt to the Plaintiff when he had no intention of repaying such debt.

28. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(2)(A).

**COUNT II -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(4) OF THE BANKRUPTCY CODE**

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint as if set forth at length herein.

30. Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b)

5

> of this title does not discharge an individual debtor from any debt—
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

31. The Debtor, as the sole member/manager of Wamcom, LLC owed fiduciary duties to his creditors on account of Wamcom, LLC's insolvency.

32. All or part of the debt owed to Plaintiff, as evidenced by the Judgment, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankruptcy Code § 523(a)(6).

33. Specifically, while Wamcom, LLC was insolvent, the Debtor fraudulently induced Plaintiff to transport 19 containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

34. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(4).

**COUNT III -- NON-DISCHARGEABILITY OF PLAINTIFF'S JUDGMENT UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34 of this Complaint as if set forth at length herein.

36. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .
>
> (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . . .

6

37. All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

38. Specifically, the Debtor caused willful and malicious injury to Plaintiff by virtue of fraudulently inducing Plaintiff to transport 19 containers of rubber scrap outside the United States to a fictitious consignee in order to avoid compliance with state and federal laws regarding the disposal of such waste, and to avoid payment for the transportation, retention, and disposal of such waste.

39. By virtue of the foregoing, the Debtor's discharge should be denied under Bankruptcy Code § 523(a)(6).

### COUNT V -- OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727(a)(4)(A) OF THE BANKRUPTCY CODE

40. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 39 of this Complaint as if set forth at length herein.

41. Bankruptcy Code § 727(a)(4)(A) provides that:

(a) The court shall grant the debtor a discharge, unless ---

(4) the debtor knowingly and fraudulently, in or in connection with the case --

(A) made a false oath or account

42. The Debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account, in that he failed in the Statement of Financial Affairs and Schedules attached to his Petition to identify his interest in Wamcom, LLC, and failed to provide required information about the nature, names, taxpayer identification numbers, locations, and beginning and end dates of Wacom, LLC in which the Debtor was an officer, director or managing executive of a

corporation or sole proprietor within six years immediately preceding the commencement of the case.

43. By virtue of the Debtor's false representations and omissions, and the oath he took concerning the veracity of his submissions, the Debtor's discharge should be denied under Bankruptcy Code § 727(a)(4)(A).

WHEREFORE, Plaintiff respectfully requests that this Court enter a Judgment determining that the debt reflected in the Judgment entered in favor of Plaintiff, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A), 523(a)(4), and 523(a)(6) or, in the alternative, denying the Debtor's discharge under Bankruptcy Code § 727(a)(4)(A), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: August 9, 2016                                CROSS & SIMON, LLC

*/s/ Kevin S. Mann*
Kevin Mann (NJ bar No. 0079002007)
Michael J. Joyce, Esq. (*admitted pro hac vice*)
1105 Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
(302) 777-4224 (facsimile)
E-mail: kmann@crosslaw.com
             mjoyce@crosslaw.com

*Counsel for Mitsui O.S.K. Lines, Ltd.
and MOL (America) Inc.*